IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                Plaintiff,

  v.

DANE CNTY. HUMAN SERV., CLARK CARROLL,
KAREN MILKNER, KIM, ASHLEY MESSIER, SSM
HEALTH, UW HOSPITAL & CLINICS, UW
HEALTH, UW MADISON, JOURNEY MENTAL
HEALTH CENTER, DANE CNTY. CORP. COUNSEL,
LESLIE TAYLOR, LAURA FRAZIER, SCOTT MILLER,
MATTHEW SAGER, ROBERT FACTOR, JIM BLACK,
DAVE ROETHE, AMY EDWARDS, MIDDLETON
POLICE DEP'T, GEORGE BETANCOURT, HANNAH
FLANAGAN, DALE BARRETT, TAD HERBSMAN,
ST. MARY'S HOSPITAL, and ANNA MARIE VI
WELCH,

                Defendants.

ORDER

26-cv-32-jdp

---

      With a minor exception immaterial here, plaintiff Valerie L. Flores is barred from filing new civil lawsuits in this court without prepaying the full filing fee. Case no. 23-cv-398-jdp, Dkt. 23 at 7; *Flores v. Progressive Ins.*, No. 23-cv-398-jdp, 2024 WL 1701705, at *4 (W.D. Wis. Apr. 19, 2024). Under that bar order, any civil lawsuit that Flores files without full prepayment will be docketed and summarily dismissed. *Id.*

      Flores recently brought a lawsuit in the Northern District of New York alleging that numerous individuals and entities, all of whom appear to be located in Dane County, have stalked, harassed, assaulted, and otherwise mistreated her. Dkt. 1. From what I can discern, nearly all the events on which Flores bases her claims occurred in Wisconsin. *See id.* That action was transferred to this district on venue grounds. Dkt. 9. Flores didn't prepay the filing fee while that action was pending in the Northern District of New York.

Previously, a case that Flores filed in the Southern District of New York was transferred to this district on venue grounds. Case no. 24-cv-532-jdp. I noted in that case that the bar order doesn't expressly refer to cases that Flores files in another district without prepaying the filing fee but that are transferred to this district on venue grounds. Dkt. 6 at 1 in the '532 case. But I determined that it was appropriate to make Flores prepay the full filing fee now that the '532 case had been transferred here. *Id.* I reasoned that, were it otherwise, Flores could circumvent the bar order by filing in other districts cases in which venue is proper in this district only. *Id.* The Northern District of New York also noted that Flores "may be attempting to circumvent" this court's bar order. Dkt. 9 at 2 n.9.

As I did in the '532 case, I will give Flores 21 days to pay the full filing fee in this case. Flores can fulfill that requirement by submitting a check or money order for $405 payable to "Clerk, U.S. District Court" and mailing the payment to this address: United States District Court for the Western District of Wisconsin, Clerk's Office, 120 N. Henry St., Room 320, Madison, WI 53703. If the court doesn't receive the full filing fee in 21 days, this case will be dismissed with prejudice. I will direct the clerk to forward copies of this order and the bar order to the Northern District of New York, as Flores may continue to file lawsuits in that district even though venue is proper only in this district.

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie L. Flores may have until February 16, 2026, to pay the $405 filing fee as provided in this order.

2. Plaintiff is cautioned that, if the court doesn't receive the full filing fee by February 16, 2026, this case will be dismissed with prejudice.

3. The clerk is directed to send copies of this order and Dkt. 23 in Case No. 23-cv-398-jdp to the Northern District of New York.

Entered January 26, 2026.

           BY THE COURT:

           /s/

           _____
           JAMES D. PETERSON
           District Judge